UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DOREL BOBORA,

               Plaintiff,

    v.

UNITED STATES POSTAL OFFICE,

             Defendant.

CASE NO. C10-446BHS

ORDER DISMISSING CASE

This matter comes before the Court on Defendant's (the "USPS") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). Dkt. 7. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 9, 2010, Plaintiff Dorel Bobora ("Bobora") filed his complaint against the USPS in small claims court. Dkt. 3-2 (copy of complaint). The USPS timely removed the matter to this Court. *See* Dkt. 1. On March 22, 2010, the USPS filed the instant motion to dismiss. Dkt. 7. On May 14, 2010, Bobora responded in opposition to the motion. Dkt. 10. On May 21, 2010, the USPS replied.

This matter involves Bobora's demand for payment of $5000 for the alleged damage to his laptop, which allegedly became damaged during its mailing using the services of the USPS. *See* Dkt. 1 ¶ 2 (notice of removal). To date, this amount has not been paid.

The USPS required Bobora to complete its standard administrative process for submitting claims against the USPS in cases such as these, that is, recovery for items

damaged in the United States mail. *See* Declaration of Todd W. Guelda (Guelda Decl., Dkt. 11-2). Guelda attests that Bobora filed an initial claim but did not complete the administrative process, which included an opportunity to appeal any decision made. *Id*. ¶¶ 4-8.

## II. DISCUSSION

### A.      Rule 12(b)(1) and Sovereign Immunity

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of an action for "lack of jurisdiction over the subject matter." Faced with a Rule 12(b)(1) motion, a plaintiff bears the burden of proving the existence of the court's subject matter jurisdiction. *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996).

The United States, as a sovereign, is immune from suit unless it has waived its immunity. *Dept. of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999); *United States v. Mitchell*, 445 U.S. 535, 538 (1980). A court lacks subject matter jurisdiction over a claim against the United States if it has not consented to be sued on that claim. *Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007). "When the United States consents to be sued, the terms of its waiver of sovereign immunity define the extent of the court's jurisdiction." *United States v. Mottaz*, 476 U.S. 834, 841 (1986). A waiver of sovereign immunity by the United States must be expressed unequivocally. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33 (1992). As a general matter, purported statutory waivers of sovereign immunity are not to be liberally construed. *Id.* at 34.

In this matter, Bobora filed suit against the USPS (i.e., the United States) for the alleged damage to his computer which he claims occurred during its transfer through the USPS's mail system. Dkt. 3-2 (small claims complaint). The United States has made a limited waiver of its sovereign immunity to suit in Federal Tort Claims Act ("FTCA")

cases. 28 U.S.C. §§ 2674, 1346(b). The USPS contends, however, that this case falls under the exceptions to the United States' limited waiver in FTCA cases.

Under 28 U.S.C. § 2680(b), the United States has not waived its immunity to suit in cases involving "any claim arising out of the loss, miscarriage or negligent transmission" of the mails. *See also Anderson v. United States Postal Service*, 761 F.2d 527, 528 (9th Cir. 1985) (affirming dismissal of claim against USPS arising out of loss of package in the mail system).

This exception applies to this case; therefore, Bobora's case is barred by sovereign immunity. Accordingly, the Court dismisses this matter for lack of subject matter jurisdiction.

**B.     USPS's Motion to Dismiss for Failure to Exhaust Administrative Remedies**

Alternatively, even if the Court had subject matter jurisdiction in this case, which it does not, Bobora's claim would likely fail on the grounds that he failed to exhaust his administrative remedies. *See* Guelda Decl. ¶¶ 4-8 (Dkt. 11-2).

Therefore, the Court concludes that these facts support an alternative basis for dismissing this action.

**III. ORDER**

Therefore, it is hereby **ORDERED** that this matter is **DISMISSED with prejudice** for the reasons stated herein.

DATED this 9th day of June, 2010.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3